BEN ROTEN, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 394, 2009
Supreme Court of Delaware.
Submitted: July 15, 2009
Decided: July 23, 2009
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
Myron T. Steele, Chief Justice
This 23rd day of July 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Ben Roten, filed an appeal from the Superior Court's June 18, 2009 order denying his motion for sentence reduction pursuant to Superior Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and AFFIRM.
(2) In August 2004, Roten pleaded guilty to Assault in the First Degree, as a lesser-included offense of Attempted Murder, and Aggravated Menacing. Prior to being sentenced, Roten filed a motion to withdraw his guilty. The Superior Court denied the motion. This Court affirmed the Superior Court's judgment.[1] Roten was sentenced on the assault conviction to 25 years of Level V incarceration. On the aggravated menacing conviction, he was sentenced to 5 years of Level V incarceration, to be suspended after successful completion of the Key Program for 6 months Level IV Crest, followed by 12 months at Level III Aftercare. Roten subsequently filed a Rule 35 motion as well as a Rule 61 postconviction motion, both of which were denied by the Superior Court. This Court affirmed the Superior Court's denial of his Rule 61 motion.[2]
(3) On April 29, 2009, Roten filed another Rule 35 motion for reduction of sentence in the Superior Court. On May 4, 2009, the Superior Court denied the motion as time-barred.[3] Roten subsequently submitted a number of letters he had received from a third party regarding the victim of his crime and requested the Superior Court to consider those letters as support for his motion. On June 4, 2009, the Superior Court denied his request. On June 18, 2009, the Superior Court, in responding to yet another letter from Roten, denied his request for sentence modification.
(4) Under Rule 35(a), the Superior Court may correct an illegal sentence "at any time" and may correct a sentence imposed in an illegal manner within the time frame provided under Rule 35(b). Rule 35(b) provides a 90-day time frame for applying for a reduction of sentence, absent "extraordinary circumstances."
(5) In this appeal, Roten claims that the Superior Court abused its discretion by denying his Rule 35 motion without an evidentiary hearing. He does not dispute that his motion was filed beyond the 90-day time limit of Rule 35(b), but contends that the letters, which reflect that his victim lied about his actions and her injuries and that she has a pattern of having men arrested, constitute "extraordinary circumstances" under the Rule.
(6) The record reflects that Roten's victim suffered serious and permanent injuries in the attack by Roten. Moreover, at sentencing, Roten never denied that he beat the victim or that her extensive injuries resulted from the beating. Under these circumstances, Roten has failed to demonstrate that letters from a third party insinuating that the victim is a liar either constitute "extraordinary circumstances" under the Rule or necessitate an evidentiary hearing on the issue. We, thus, conclude that there was no abuse of discretion on the part of the Superior Court in denying Roten's Rule 35 motion.
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Roten v. State, Del. Supr., No. 464, 2004, Berger, J. (Sept. 15, 2005).
[2] Roten v. State, Del. Supr., No. 290, 2006, Jacobs, J. (Mar. 15, 2007).
[3] Super. Ct. Crim. R. 35(b).