SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

June 26, 2018

Ben Roten
SBI # 520385
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

    RE: *State of Delaware v. Ben Roten,*
       Case ID# 0401005180

DATE SUBMITTED: June 6, 2018

Dear Mr. Roten:

Defendant Ben Roten ("Defendant") has filed his fourth Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] For the reasons expressed below the motion is **DENIED**.

On August 6, 2004, Defendant pled guilty to Assault in the First Degree and Aggravated Menacing. On September 24, 2004, Defendant filed a *pro se* motion to withdraw his guilty plea. That Motion was denied by the Superior Court on the same day. Defendant was sentenced as follows: for Assault in the First Degree, twenty-five years at Level Five; for Aggravated Menacing, five years at Level Five, suspended for six months at the Level Four Crest Program

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

1

after completion of the Key Program, followed by one year at Level Three. Defendant appealed the Superior Court's denial of his Motion to Withdraw Guilty Plea to the Delaware Supreme Court on November 3, 2004. On September 15, 2005, the Supreme Court affirmed the decision.[2]

On February 27, 2006, Defendant filed his first Postconviction Motion. On May 18, 2006, the Superior Court denied Defendant's Motion.[3] On June 1, 2011, Defendant filed his second Postconviction Motion. On July 25, 2011, that Motion was denied.[4] On July 30, 2013, Defendant filed his third Postconviction Motion. On September 3, 2013, that Motion was also denied.[5]

On June 6, 2018, Defendant filed his fourth Motion for Postconviction Relief. He claims that the Court violated Superior Court Criminal Rule 32 in not allowing him to review his Pre-Sentence Report ("PSI") before sentencing. Additionally, Defendant believes that the Court wrongfully considered uncorroborated statements made by the victim in the PSI in order to enhance his sentence.[6]

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) will force the motion to be procedurally barred.[7] Both Rule

---

[2] *Roten v. State*, 2005 WL 2254202 (Del. Sept. 15, 2005).
[3] *State v. Roten*, 2006 WL 1360513 (Del. Super. Ct. May 18, 2006), *aff'd*, 2007 WL 77389 (Del. Mar. 5, 2007).
[4] *State v. Roten*, 2011 WL 3116938 (Del. Super. Ct. July 25, 2011), *aff'd*, 2011 WL 6916540 (Del. Dec. 28, 2011).
[5] *State v. Roten*, 2013 WL 4744681 (Del. Super. Ct. Sept. 3, 2013), *aff'd* 2013 WL 5808121 (Del. Oct. 28, 2013).
[6] This is a variation of previously rejected claims. In 2007, Defendant's claim that the victim suffered "mostly superficial" injuries is belied by the medical record showing a "brain contusion and multiple complex facial fractures." *Roten v. State*, 2007 WL 773389, at *1 (Del. March 15, 2007). In 2009, in the context of a Rule 35 motion, the Supreme Court stated: "The record reflects that Roten's victim suffered serious and permanent injuries in the attack by Roten. Moreover, at sentencing, Roten never denied that he beat the victim or that her extensive injuries resulted from the beating. Under these circumstances, Roten has failed to demonstrate that letters from a third party insinuating that the victim is a liar either constitute 'extraordinary circumstances' under the Rule or necessitate an evidentiary hearing on the issue." *Roten v. State*, 2009 WL 2185824, at *1 (Del. July 23, 2009).
[7] Super. Ct. Crim. R. 61(i) provides:

> (i) Bars to Relief. (1) *Time limitation.* A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

61(i)(1) and (2) require this motion to be summarily dismissed. First, a motion for postconviction relief cannot be filed more than one year after the judgment is final.[8] Given that Defendant's conviction was finalized nearly 14 years ago, his motion is time-barred. Additionally, any successive motion for postconviction relief is barred by Rule 61(i)(2) unless the Defendant has:

(i)     [pled]...with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which [he] was convicted; or

(ii)    [pled]...with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[9]

Thus, in order to overcome the Rule 61(i)(2) bar, Defendant would have to show that either new evidence exists that creates a strong inference of actual innocence or that a new rule of

---

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

---

[8] *See* Rule 61(i)(1)
[9] *See* Rule 61(i)(2); 61(d)(2)(i), (ii).

constitutional law applied retroactively to his case. Defendant is unable to meet either criteria. Furthermore, the Delaware Supreme Court stated in *Huffman v. State* that claims concerning Rule 32 are outside the scope of Rule 61.[10]

Considering the foregoing, Defendant's Motion for Postconviction relief is **DENIED**. As Defendant's Motion for Postconviction relief is denied, Defendant's Motion for Appointment of Counsel is also **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

---

[10] *Huffman v. State*, 2015 WL 4094234, at *4 (Del. July 6, 2015).